**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **BRIAN MANOOKIAN, BRIAN CUMMINGS and CUMMINGS MANOOKIAN, PLC**<br>**c/o Lynn Pinker Cox & Hurst LLP**<br>**2100 Ross Avenue, Suite 2700**<br>**Dallas, TX 75201**<br><br>**Movants,**<br><br>**v.**<br><br>**RONALD MERVIS**<br>**c/o Tom Murphy**<br>**Friedlander Misler, PLLC**<br>**5335 Wisconsin Ave., NW, Suite 600**<br>**Washington, DC 20016**<br><br>**And**<br><br>**MERVIS DIAMOND CORPORATION,**<br>**c/o Tom Murphy**<br>**Friedlander Misler, PLLC**<br>**5335 Wisconsin Ave., NW, Suite 600**<br>**Washington, DC 20016**<br><br>**Non-Movants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case: 1:17-mc-01172<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 5/11/2017<br>Description: Misc. |

---

**MOTION TO COMPEL THIRD PARTY PRODUCTION OF DOCUMENTS FROM RONALD MERVIS AND MERVIS DIAMOND CORPORATION AND MOTION TO TRANSFER**

---

TO THE HONORABLE COURT:

Brian Manookian ("Manookian"), Brian Cummings ("Cummings") and Cummings Manookian, PLC ("Cummings Manookian") (collectively, "Movants") file this *Motion to Compel Third Party Production of Documents from Ronald Mervis and Mervis Diamond*

*Corporation and Motion to Transfer* (the "Motion") pursuant to Federal Rule of Civil Procedure 45(d).

## I. SUMMARY

Movants seek production of documents relating to communications between Ronald Mervis ("Ronald") and Mervis Diamond Corporation ("MDC") (collectively, "Non-Movants"), on the one hand, and David Blank ("Blank") and/or The Diamond Consortium d/b/a The Diamond Doctor ("The Diamond Doctor") (collectively, "Plaintiffs"), as well as some third parties, on the other hand. Counsel for Movants has attempted to reach agreement with counsel for Non-Movants over a period of at least three months to no avail. Non-Movants refused to even discuss the possibility of reaching such agreement, refused to accept any subpoena, and evaded service of subpoenas. But Movants learned that Plaintiffs communicated with Non-Movants about the underlying litigation, and Plaintiffs have also alleged that they learned relevant information during those communications. Documents produced by other third parties also indicate that Non-Movants have documents responsive to Movants' subpoena requests and relevant to the underlying litigation.

Movants request this Court overrule any objections and compel Non-Movants to produce documents responsive to the subpoena duces tecum. Movants further request this Court prohibit Non-Movants from making a blanket "attorneys' eyes only" designation to their deposition before the deposition even begins. Defendants are attorneys and are counsel of record in the underlying case, entitling them to ask questions during depositions. But a blanket, pre-deposition "attorneys' eyes only" designation by Non-Movants effectively bars Defendants' participation in the deposition, and it is improper under the protective order in this case.

Additionally, because this Motion concerns underlying litigation in another federal court, Movants respectfully request that the Motion be transferred to The Honorable Amos L. Mazzant, United States District Court of the Eastern District of Texas, Sherman Division.

## II. BACKGROUND

This matter is part of a larger, complex lawsuit between Movants and Plaintiffs in the Eastern District of Texas, Civil Action No. 4:16-cv-00094, concerning Plaintiffs' overgrading of diamonds. Plaintiffs fraudulently represent to customers that their diamonds are of a certain grade (and thus value) when in actuality they are of a different, lower grade (and value). That lawsuit in the Eastern District involves nearly 200 filings and has a trial setting window of August 14 to September 1, 2017.

Part of Plaintiffs' response to Movants' exposure of Plaintiffs' overgrading practices was to allege that Movants engaged in a scheme of extortion. In support of that allegation, Plaintiffs alleged that Movants engaged in an "extortion" scheme against Non-Movants and that Non-Movants, as well as other jewelers, shared information and strategies with Plaintiffs. *See* Doc. 131 (Civil Action No. 4:16-cv-00094) at 12-13. Specifically, in addition to other recitals concerning other third-party jewelers, Plaintiffs alleged:

> Blank also had several discussions about Manookian with [Non-Movants] Ronald Mervis ("Mervis") of Mervis Diamond Importers in Washington, D.C. Mervis also had similar conversations with Ramon who, as detailed below, also contacted him to warn of Manookian's pending attacks on his business. On September 18, 2015, Ramon e-mailed Mervis about Manookian. Ramon told Mervis that Manookian's victims can "avoid [a lawsuit] if they would call [Manookian] before." The same day Ramon again warned Mervis, "the earlier [j]ewelers…reach out to him the less damage they have." On October 2, 2015, Ramon wrote again under the subject "[d]on't miss the boat," and against admonished Mervis: "I think they [Manookian] are going to file lawsuits and a web site in your area next week." Ramon concluded: "If you can avoid it before it will be great for you."

Doc. 131 ¶ 38.

Movants unsuccessfully attempted to serve a subpoena on MDC and Ronald in October 2016. Counsel for Non-Movants refused to accept service and refuses to produce any responsive documents. **Exhibit "A"**, email communications between counsel for Non-Movants and counsel for Movants. Movants successfully served Jonathan Mervis ("Jonathan") on November 1, 2016. Movants withdrew this first version of subpoenas.

Movants then narrowed their requests, issued the new subpoenas from the Eastern District of Texas, and served one on MDC's registered agent on January 30, 2017. **Exhibit "B"**. When Movants attempted to serve Jonathan (who had previously accepted the subpoena) and Ronald, both evaded service. **Exhibit "C"**, status reports from process server. Thus, to date, only MDC has been served the latest subpoena.

The subpoenas request communications between Non-Movants, or someone acting on their behalf, and Blank or The Diamond Doctor, or someone acting on their behalf, since January 1, 2015. *Id.* They also request emails since January 1, 2015 containing terms Cummings Manookian, Manookian, Brian Manookian, Brian Cummings, Hammervold, Boaz, Boaz Ramon, and Plaintiffs' names and emails. *Id.* Lastly, the subpoenas request correspondence from customers about complaints related to EGL-International diamond sales. *Id.*

MDC filed objections in the District of Maryland on February 28, 2017.[1] **Exhibit "D"**. For all the requests, MDC makes the same objections on the basis of vagueness, overbreadth, undue burden, and irrelevance. *Id.* Mervis also objects as to attorney-client privilege and harassment. *Id.*

---

[1] This Motion is being filed in this Court because it is the court where compliance is required under FEDERAL RULE OF CIVIL Procedure 45(f).

## III. ARGUMENTS & AUTHORITY

### A. Transfer to the Eastern District is appropriate.

Under federal law, "the court where compliance is required [...] may transfer" a motion to compel to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). Exceptional circumstances include transferring a motion to "avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion," which transfer would promote consistent outcomes and judicial economy. *Flynn v. FCA US LLC*, 2016 WL 6581176, at *2 (D.D.C. Nov. 2, 2016); *Gaddis v. Garrison Prop. & Cas. Co.*, No. 5:16-MC-456-DAE, 2016 WL 3081067, at *1-2 (W.D. Tex. May 31, 2016).

This Court has found exceptional circumstances when the party opposing the subpoena objected on the basis of relevance, because the court governing the underlying matter could "delve into the intricacies of the underlying dispute," as well as when that court has already resolved a discovery dispute. *Flynn*, 2016 WL 6581176, at *3 (quoting *FDIC v. Galan-Alvarez*, No. 15-mc-752, 2015 WL 5602342, at *3 (D.D.C. Sep. 4, 2015)). The *Flynn* Court also reasoned that the court housing the underlying dispute was best able to determine whether the subpoenaed party's fears of the insufficiency of the protective order were justified based on that court's observation of the parties in the underlying litigation and the issues therein. *Id.* This Court further ruled that transfer is appropriate when it would avoid interfering with a time-sensitive discovery schedule or where the underlying court has created a streamlined procedure for resolving discovery disputes. *Id.*

Exceptional circumstances also exist when "the same issues are likely to rise in discovery in many districts." *Duck v. US SEC*, 317 F.R.D. 321, 323 (D.D.C. 2016) (finding exceptional

circumstances exist to transfer the motion to compel). Lastly, exceptional circumstances must be weighed against the subpoenaed party's burdens, which must be significant to preclude transfer. *Gaddis*, 2016 WL 3081067, at *2. Merely conclusory statements of burden are insufficient. *Id.*

Here, the subpoena requires that documents be produced to ACE Federal Reporters in Washington, D.C., so the court where compliance is required is the District of Columbia. The issuing court is the Eastern District of Texas, Sherman Division. The Eastern District is also the court housing the underlying litigation, and the court receiving transfer of various motions and other lawsuits filed concerning this same subject matter. Accordingly, the Eastern District has intimate knowledge of the underlying litigation, parties, facts, prior rulings, and equities. For instance, the Eastern District has knowledge of the facts alleged by Plaintiffs about Non-Movants—they advised Plaintiffs to retain Movants to end the negative publicity[2]—that even prompted the subpoena.

Additionally, Non-Movants objected as to relevance, which this Court has previously held is best determined by the court housing the underlying litigation. *See Flynn*, 2016 WL 6581176, at *3. The Eastern District is intimately familiar with the intricacies of the claims and defenses, which includes a history of advertising against jewelers' overgrading practices and prosecuting or defending claims against them in separate lawsuits. That knowledge is necessary to determine whether the documents withheld here are relevant to *this* dispute, and also whether the protective order entered in the Eastern District is adequate to address Non-Movants' concerns about production (i.e., harassment).[3]

---

[2] *See* Doc. 131 at 10-11 & 13, Civil Action No. 4:16-CV-94 in the Eastern District of Texas.

[3] Notably, Non-Movants refuse to produce documents under the Protective Order, but now have indicated they will designate an entire deposition of MDC and/or Ronald as "attorneys eyes only" in an attempt to keep Movants from participating in that deposition—before even knowing what questions will be asked.

Because of Plaintiffs' allegations concerning other jewelers' knowledge *and* those jewelers alleged "warnings" to Plaintiffs, Plaintiffs have put these jewelers, and their communications with Plaintiffs, at issue. This is a recurring issue—where Plaintiffs and other jewelers allegedly had conversations about this very lawsuit, but Plaintiffs and those jewelers are shielding their communications. For instance, a different third party jeweler produced an email thread with Ronald (and earlier in the thread including Jonathan) about this lawsuit, which email is responsive to the subpoenas served upon Non-Movants but which Non-Movants refuse to produce.[4] A motion to compel on this exact issue has been filed in the Middle District of Florida against yet *another* third party mentioned in Plaintiffs' complaint, and a motion on a similar issue relating to Plaintiffs' communications with The Dallas Morning News was filed in the Northern District of Texas, Dallas Division and transferred to the Eastern District. Therefore, transferring this Motion would promote consistent rulings and avoid undermining Judge Mazzant's management of the underlying litigation and discovery disputes.

As to burden, there is no burden for Non-Movants from transferring this Motion—let alone a *significant* burden. The Motion to Compel seeks documents that may be produced electronically, which can be accomplished from any location, and the Eastern District has held telephonic hearings, which would permit Non-Movants to participate locally. *See Google, Inc. v. Digital Citizens Alliance*, No. 15-00808 JEB/DAR, 2015 WL 4930979, at *4 (D.D.C. Jul. 31, 2015) ("the encouragement of utilizing telecommunications as an alternative to travel is adequate to avoid undue burden on the nonparties"); *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) ("burden on subpoenaed party minimal where electronic production of documents allowed"). Counsel for Non-Movants may even file motions without *pro hac vice*

[4] In respect of the Protective Order in place and the third-party's confidentiality designation, Defendants are not attaching the email, but will provide if requested.

support, as permitted by FEDERAL RULE OF CIVIL PROCEDURE 45(f), once this Court transfers this Motion to Compel. *See Google*, 2015 WL 4930979, at *5.

In contrast, Movants may suffer prejudice from inconsistent rulings and addressing different aspects of this lawsuit in various courts for matters involving the same underlying dispute and parties. Discovery was also set to close May 9, although the parties have agreed to continue discovery efforts beyond the deadline, and the Eastern District has involved the Magistrate Judge to usher along discovery disputes. Considering these exceptional circumstances and that no burden would be imposed on Non-Movants, transfer of this action to the Eastern District is appropriate, and particularly so, given the relevance of the documents as discussed below.

**B. <u>The withheld documents are relevant.</u>**

As quoted earlier in the Background section, Plaintiffs alleged that Non-Movants had conversations with another third party, Boaz Ramon, about Movants' negative publicity. Allegedly, Ramon "warned" Non-Movants about being targeted and offered assistance to end it. For Plaintiffs to know this information, Non-Movants must have communicated with Plaintiffs, especially considering that Plaintiffs produced a few emails from Ronald. While Plaintiffs may have communications with Non-Movants, which should be produced, Plaintiffs *do not* have access to all communications between Non-Movants and Ramon, or internally between Non-Movants. Therefore, Movants' only recourse is to request them from Non-Movants.

Because of Plaintiffs' allegations that such communications did occur, Movants must have the opportunity to collect and assess those communications themselves to defend against the accusations made and/or to prosecute their own counterclaims. Neither Plaintiffs nor Non-Movants are entitled to selectively produce only the communications that serve their interests.

Further, Movants argue that Plaintiffs engaged in a scheme to conflict them out from prosecuting claims for Plaintiffs' overgrading, which scheme was formed in conjunction with other jewelers. Understanding these communications is crucial to Movants' case against Plaintiffs to demonstrate this scheme. Importantly, no privilege applies that would protect these communications from disclosure.

C. **No privilege applies.**

FEDERAL RULE OF CIVIL PROCEDURE 26(b) permits any party to "obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case..." Further, such information "need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b).

In a diversity case, the availability of the attorney-client privilege is a substantive issue governed by the law of the forum state. *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 134 (D.D.C. 2009); *Nester v. Textron, Inc.*, Cause No. A-13-CA-920-LY, 2015 WL 1020673, at *3 (W.D. Tex. Mar. 9, 2015) (quoting *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, n. 26 (5th Cir. 2005) and applying Texas law to common interest privilege)); *see also Lanelogic, Inc. v. Great Am. Spirit Ins. Co.*, No. 3-08-CV-1164-BD, 2010 WL 1839294, at *4 (N.D. Tex. May 6, 2010) ("Texas law, not Fifth Circuit precedent, governs the resolution of privileges issues in this diversity case."); FED. R. EVID. 501.

Under Texas law, the attorney-client privilege protects from disclosure confidential communications made to give or receive legal advice, which communications are between (a) client (or representative) and lawyer (or representative); (b) lawyer and his representative; (c) client (or representative) *or* client's lawyer (or representative) to the lawyer of another party *in a pending action* "concerning a matter of common interest"; (d) between client and his

representative or amongst representatives; or (e) amongst lawyers and representatives of the same client. *In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 51-52 (Tex. 2012); TEX. R. EVID. 503(b). The privilege is waived if disclosed to a third party. TEX. R. EVID. 511. The party who resists discovery bears the burden of proving a privilege applies. *Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex. 1996).

First, this is a diversity lawsuit, where Plaintiffs are Texas residents and Movants (Defendants) are Tennessee residents. Non-Movants are Maryland or Virginia residents. The forum state is Texas, thus Texas law governs which privileges apply. *See Nester*, 2015 WL 1020673, at *3; FED. R. EVID. 501. Second, the attorney-client privilege does not shield Non-Movants' communications with Plaintiffs, as sought by Movants. Third, based on the prior litigation between Non-Movants and Movants, it appears that Non-Movants' true concern may be Movants' use of the withheld documents in any future lawsuits. But there is already a Protective Order in place that restricts the use of documents produced to this litigation. Non-Movants have not even attempted to prove how any privilege would apply here to their communications with parties other than their lawyers.

In contradictory fashion, Non-Movants refuse to produce documents under the Protective Order, but have indicated they will designate the entirety of any depositions as attorneys' eyes only *before* the deposition occurs to prevent Movants from participating. This is an abuse of the Protective Order, which does not provide for such blanket designation, and which only permits designation for "*highly* sensitive proprietary business, financial, personal, or other information."[5] There has been no showing that Movants would depose about highly sensitive matters; indeed, Non-Movants are unable to so designate until the time of the deposition and each question is posed. In actuality, the deposition testimony is likely to encompass matters not subject to

[5] *See* Doc. 128 ¶ 7, Civil Action No. 4:16-CV-94 in the Eastern District of Texas.

protection at all, including the disclosure made to customers when purchasing diamonds, Plaintiffs' policies and opinions regarding EGL-I graded diamonds and grading in general, non-confidential documents produced in this case, Plaintiffs' websites, Plaintiffs' defamation and disparagements of Movants, and Plaintiffs' in-house grading practices.

Plaintiffs have directly put at issue their communications with Non-Movants by alleging that MDC warned Plaintiffs and was warned by yet another third party about Movants' alleged extortion scheme. *See* Doc. 131 (Plaintiffs' Consolidated Amended Complaint), Civil Action No. 4:16-CV-94 in the Eastern District of Texas, Sherman Division. Non-Movants inserted themselves into this dispute by engaging Plaintiffs and other jewelers in discussions about Movants. *See, e.g.*, fn. 2. By shielding their communications with Plaintiffs, Non-Movants foreclose Movants' ability to refute these allegations by Plaintiffs. That shield is not permissible here, where there is no attorney-client privilege or other reason for denying Movants access to the communications that may be protected—not entirely hidden—by the Protective Order.

## CONCLUSION

For the reasons discussed above, Brian Cummings, Brian Manookian, and Cummings Manookian, PLC respectfully request that the Court grant their *Motion to Compel Third Party Production of Documents from Ronald Mervis and Mervis Diamond Corporation* and compel the production of documents responsive to Movants' subpoena; prohibit the premature attorneys' eyes only designation of the deposition before it begins; transfer the Motion to The Honorable Amos L. Mazzant, United States District Judge for the Eastern District of Texas, Sherman Division; and grant any other relief, whether at law or in equity, to which the Court may find Defendants justly entitled.

Date: May 11, 2017.

Respectfully submitted,

Daniel S. Ward (D.C. Bar No 474339)
**WARD & BERRY, PLLC**
2020 N Street, NW
Washington, DC 20036
202-331-8160
dan@wardberry.com

and

Christopher J. Schwegmann
Texas State Bar No. 24051315
cschwegmann@lynnllp.com
Andres Correa
Texas State Bar No. 24076330
acorrea@lynnllp.com
Christina M. Carroll
Texas State Bar No. 24092868
ccarroll@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

**ATTORNEYS FOR DEFENDANTS
BRIAN MANOOKIAN, BRIAN CUMMINGS,
and CUMMINGS MANOOKIAN, PLC**

## CERTIFICATE OF CONFERENCE

Counsel for Movants conferred with counsel for Non-Movants regarding this subpoena since at least January 2017, including phone calls and emails. *See* Ex. A. Counsel for Movants additionally conferred on May 9 by phone with counsel for Non-Movants about their objections to the subpoena. Movants' counsel withdrew objected-to instructions and narrowed the subpoena even further in good faith basis to compromise regarding the subpoena and Non-Movants' concerns thereto. Counsel then discussed this matter by email on May 9, and

Movants' counsel called Non-Movants' counsel on May 10 to complete discussions about Non-Movants' objections. Later on May 10, Movants' counsel received return email communications discussing Non-Movants' objections. Counsel for Movants is unable to determine whether counsel for Non-Movants opposes the relief sought herein because counsel for Non-Movants has not indicated whether they are willing to produce any set of documents responsive to the subpoena under any circumstances. Non-Movants' counsel has stated that they will stand on their objections.

Daniel S. Ward

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on counsel of record by first class mail, postage prepaid and by email to the following addresses on May 11, 2017.

| | |
|---|---|
| Bruce W. Steckler<br>Texas Bar No. 00785039<br>**bruce@stecklerlaw.com**<br>Stuart Cochran<br>Texas Bar No. 24027936<br>**stuart@stecklerlaw.com**<br>Stefani S. Eisenstat<br>Texas Bar No. 00788417<br>**stefani@stecklerlaw.com**<br>**Steckler Gresham Cochran**<br>12720 Hillcrest Road- Suite 1045<br>Dallas, Texas 7523 0<br>Telephone: 972-387-4040<br>Facsimile: 972-387-4041 | Randy Johnston<br>Texas Bar No. 10834400<br>**randy@jtlaw.com**<br>**Johnston Tobey Baruch, P.C.**<br>3308 Oak Grove Avenue<br>Dallas, Texas 75204<br>Telephone: 214-7 41-6260<br>Facsimile: 214-741-6248 |

| | |
|---|---|
| Braden M. Wayne<br>Texas Bar No. 24075247<br>**bwayne@settlepou.com**<br>**SettlePou**<br>3333 Lee Parkway, Eighth Floor<br>Dallas, Texas 75219<br>Telephone: 214-520-3300<br>Facsimile: 214-526-4145 | Roger Sanders<br>Texas Bar No. 17604700<br>**rsanders@somlaw.net**<br>**Sanders, O'Hanlon, Motely, Young & Gallardo, PLLC**<br>111 S. Travis Street<br>Sherman, Texas 75090<br>Telephone: 903-892-9133<br>Facsimile: 903-892-4302 |
| Howard J. Klatsky<br>Texas Bar No. 00786024<br>**bklatsky@feesmith.com**<br>**Fee, Smith, Sharp & Vitullo, LLP**<br>Three Galleria Tower<br>13155 Noel Road, Suite 1000<br>Dallas, TX 75240-5019<br>Telephone: 972-934-9100<br>Facsimile: 972-934-9200 | Tom Murphy<br>**tmurphy@dclawfirm.com**<br>**Friedlander Misler, PLLC**<br>5335 Wisconsin Avenue, N.W.<br>Suite 600<br>Washington, D.C. 20015<br>Telephone: 202-872-0800<br>Facsimile: 202-857-8343 |

Daniel S. Ward